37 F.3d 1493
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Porter L. EVETTE; Video Games Plus, Incorporated,
Plaintiffs-Appellees,
v.
Roy D. THURSTON; Coinco, Incorporated, Defendants-Appellants.
 No. 94-1161.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 19, 1994.
Decided Oct. 12, 1994.
 
 Appeal from the United States District Court for the District of South Carolina, at Greenville. G. Ross Anderson, Jr., District Judge. (CA-93-1194-6-3)
 Michael S. Chambers, Greenville, SC, for Appellants.
 Randall S. Hiller, Greenville, SC for Appellees.
 D.S.C.
 AFFIRMED.
 Before WILKINS and MOTZ, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Appellants appeal a jury verdict for Plaintiffs in this action alleging a violation of the civil wiretapping statute, 18 U.S.C.A. Sec. 2520(1)(a) (West Supp.1994). Finding no error, we affirm.
 
 
 2
 In 1980, Roy Thurston and Porter Evette began a business known as Video Games Plus, Inc. The business primarily involved the ownership and operation of coin-operated pool tables, juke boxes, and video games. In 1990, Evette and Thurston decided to end the partnership and divide the company's assets and locations. The two former partners became competitors.
 
 
 3
 Testimony at trial revealed that Thurston was determined to ruin Evette's business. Thurston hired Dean Holcombe to gather what information he could about Evette and his business dealings. Holcombe testified that Thurston asked him to purchase surveillance equipment (a recording device and telephone transmitter) and reimbursed Holcombe for the cost of the equipment. Holcombe gave the equipment to Thurston, who asked for a demonstration. Holcombe demonstrated on one of Thurston's own telephone lines.
 
 
 4
 Sometime later, Evette discovered a tap on one of his telephone lines. He reported the discovery to the telephone company. It was the discovery of this tap that led to the present lawsuit.
 
 
 5
 Holcombe testified that, while he did not see Thurston install the tap on Evette's telephone line, Thurston told him about conversations that Thurston had monitored. Thurston often asked Holcombe to follow up on information Thurston overheard during Evette's conversations.
 
 
 6
 A jury found that Appellants had violated the statute and awarded $10,000 in actual damages and $40,000 in punitive damages. On appeal, Appellants argue that: (1) the district court should have required expert testimony as to whether the device discovered on the telephone line was capable of intercepting telephone conversations; and (2) the district court should not have permitted testimony concerning a separate wiretapping incident.
 
 
 7
 Appellants contend that, without expert testimony, the jury was left to speculate as to the nature of the device discovered on the telephone line and whether the device could intercept telephone communications. There is no merit to this contention. Expert testimony is admissible if, in the trial court's discretion, an intelligent evaluation of the matter at issue would be difficult or impossible without it. Fed.R.Evid. 702. Certainly there was no abuse of discretion in failing to require it here. Untrained lay jurors could properly conclude from the lay testimony of Evette and Holcombe that a fully operational device was placed on the telephone line for the purpose of, and the capacity to, intercept Evette's telephone conversations.
 
 
 8
 Appellants also assert that the district court improperly permitted evidence of a separate wiretapping incident to be admitted. A woman named Joan Jones operated a business known as the Krooked Kue, which was adjacent to a movie rental store operated by Thurston. Thurston had reason to believe that Evette and Jones were involved in some business dealings. Holcombe placed a tap on a phone line to the Krooked Kue, and the tape recorder attached to the tap was located in Thurston's store. Thurston admitted to having listened to some of the tapes.
 
 
 9
 We perceive no violation of Fed.R.Evid. 404(b) in the introduction of this evidence. The evidence was relevant to an issue other than character. Among other things, evidence of this tap demonstrated Thurston's motive to learn what he could about Evette's business dealings. Further, we conclude that the evidence was more probative than prejudicial: this separate incident was mentioned only briefly in a trial where there was an abundance of evidence that Thurston tapped one of Evette's telephone lines.
 
 
 10
 As our review of the record and other materials before us reveals that it would not significantly aid the decisional process, we dispense with oral argument. The judgment of the district court is affirmed.
 
 AFFIRMED